UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

JASON MCCARTHY,

                Plaintiff,

      v.

MUSKEGON COUNTY and TONY
MOULATSIOTIS, in his capacity as
Muskegon County Treasurer,

                Defendants.

CASE NO.   1:20-cv-1140

HON.

---

Sara Lachman (P67523)
LACHMAN STUART PLC
Attorney for Plaintiff
15 Ionia Avenue SW, Suite 520
Grand Rapids, MI 49503
616.208.5533
slachman@lachmanstuart.com

---

THERE IS NO OTHER PENDING OR RESOLVED CIVIL ACTION ARISING OUT OF THE TRANSACTION OR OCCURRENCE ALLEGED IN THE COMPLAINT.

## **COMPLAINT AND JURY DEMAND**

For his Complaint, Plaintiff states:

1.    This case involves an incident where Muskegon County took Jason McCarthy's real property, sold it for $43,500.00, recouped McCarthy's $3,720.37 in delinquent property taxes, and in violation of law, kept a profit of $39,779.63 from the tax foreclosure sale.

2.    In *Rafaeli, LLC v Oakland County*, No. 156849, WL 4037642 (Mich. July 17, 2020), the Michigan Supreme Court held that if a county retains "surplus proceeds" under

a tax foreclosure sale this "amounts to a taking of a vested property right requiring just compensation" and the county's retention of such proceeds is a constitutional violation. That decision controls here. McCarthy seeks the return of the surplus proceeds.

### Parties and Jurisdiction

3.      Plaintiff Jason McCarthy ("Mr. McCarthy") is an individual who resides in Muskegon County, Michigan.

4.      At all material times, Defendant Muskegon County (the "County") employed its Treasurer and is liable for his acts. The County is also liable because of its policies, practices, and customs, which led to this complaint of violation.

5.      Defendant, Tony Moulatsiotis ("Moulatsiotis"), is Muskegon County's Treasurer and is responsible for the collection of real property taxes within the county and later responsible for taking and selling property when taxes remain unpaid. At all material times he was employed by the County as its treasurer and acted within the scope of his employment, under the color of law, and pursuant to the County's established policies.

6.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331, which authorizes federal court to decide cases concerning federal questions; 28 U.S.C. § 1343 and 42 U.S.C. § 1983, which authorizes federal courts to hear and decide civil rights cases; 28 U.S.C. § 2201, which authorizes declaratory judgments via the Declaratory Judgment Act; and 28 U.S.C. § 1367, which authorizes supplemental state law claims.

7.      Venue is proper in this Court as all parties are resident in the Western District of Michigan.

**Factual Background**

**The County's Tax Foreclosure Process**

8.      Like many states, Michigan provides for the taxation of real property in order to finance local governments such as counties, municipalities, and school districts and the collection of delinquent taxes.

9.      The Defendants maintain a tax foreclosure sale process to satisfy all delinquent taxes, interest, penalties, and fees (collectively the "Taxes"). However, after they sell a property at auction, Defendants retain all sale proceeds—including the surplus equity beyond amounts owed to the County (the "Sale Surplus").

10.      This is done pursuant to an official and established policy.

11.      Where sale proceeds exceed the amount of a property's Taxes, Defendants do not return any of the Sale Profit to the former property owner.  Instead they keep the entire Sale Surplus and treat it like a government-budget windfall.

**The County Sells McCarthy's Property**

12.      Mr. McCarthy was the owner of the real property located at 2262 Stein St., Muskegon, Michigan 49441, Parcel Number: 24-665-000-0551-00 ("the Property") (Liber 3954, Page 611). (**Exhibit 1**, Deed)

13.      On January 16, 2019, Mr. McCarthy received a Notice of Show Cause Hearing and Judicial Foreclosure Hearing that asserted that the Property would be foreclosed by the County Treasurer for unpaid 2016 and/or prior year property taxes.

14.      On February 11, 2019, in Civil Action No. 18-002907-CZ, Muskegon County Circuit Court held a foreclosure hearing and entered a Judgment of Foreclosure on the Property.

3

15.     As a result, Moulatsiotis took title to Mr. McCarthy's property for $3,720.37, constituting the amount that Mr. McCarthy owed the County for the Property's Taxes. (**Exhibit 2**, Notice of Foreclosure); (**Exhibit 3**, Foreclosure Report).

16.     On October 1, 2019, Moulatsiotis sold the Property to West Michigan Capital Fund LLC for $43,500.00 (Liber 4201, Page 330). (**Exhibit 3**, Foreclosure Report). Mr. McCarthy was subsequently evicted.

17.     The County profited $40,229.63 from the Sale Surplus generated from the property tax foreclosure sale after accounting for the mere $3,720.37 that Mr. McCarthy actually owed the County for the Property's taxes.

18.     Despite recouping the full amount of the Property's Taxes through the taking of Mr. McCarthy's property and its subsequent sale, the County failed to return or justly compensate Mr. McCarthy for the surplus equity in the property it took.

19.     The County failed to afford any process, plan, or legal mechanism for Mr. McCarthy to seek or obtain any of the Sale Surplus generated from the County's taking and sale of the Property.

20.     As a result, the County took or destroyed all of Mr. McCarthy's equity in the Property, constituting a minimum of $40,229.63.

21.     Because the County did not provide Mr. McCarthy with just compensation for the Sale Surplus resulting from the tax foreclosure sale of the Property, the County committed an unconstitutional taking and has violated Mr. McCarthy's constitutional rights.

### The Michigan Supreme Court's Ruling on the GPTA
### Property Tax Foreclosure Sale Process

22.     The Michigan Supreme Court recently held that the practice of counties keeping surplus proceeds from tax foreclosure sales is unconstitutional. *Rafaeli, LLC v Oakland County*, No. 156849, WL 4037642 (Mich. July 17, 2020).

23.     More specifically, in *Rafael*, the Michigan Supreme Court held that:

> [F]ormer property owners whose properties were foreclosed and sold to satisfy delinquent real-property taxes, have a cognizable, vested property right to the surplus proceeds resulting from the tax-foreclosure sale of their properties. This right continued to exist even after fee simple title to [former property owners'] properties vested with [the county], and therefore, [the county's] retention and subsequent transfer of those proceeds into the county general fund amounted to a taking of [former property owners'] properties under Article 10, § 2 of our 1963 Constitution. Therefore, [former property owners] are entitled to just compensation, which in the context of a tax-foreclosure sale is commonly understood as the surplus proceeds. *Id.* at 25.

24.     The General Property Tax Act (GPTA) does not provide counties the right to retain the surplus proceeds from property tax foreclosure sales.

25.     In contrast, the Michigan Supreme Court held that a counties' "retention of those surplus proceeds under the GPTA amounts to a taking of a vested property right requiring just compensation." *Id.* at 21.

26.     In addition, the Court held that in cases where property is sold at a tax foreclosure sale "[t]o the extent the GPTA permits defendants to retain these surplus proceeds and transfer them into the county general fund, the GPTA is unconstitutional. . ." *Id.*

27.     Therefore, a county's retention of these surplus proceeds is an unconstitutional taking and a violation of the former property owner's constitutional rights.

28.     The Michigan Supreme recognized that property owners like Mr. McCarthy had a property interest in his surplus proceeds and, therefore, the County committed an unconstitutional taking by keeping all the proceeds from the tax foreclosure sale of the Property.

29.     The $40,229.63 in surplus proceeds from the tax foreclosure sale of the Property belong to Mr. McCarthy.

30.     Mr. McCarthy has asked defendants for compensation.

31.     On information and belief, Defendants do not deny that *Rafael* recognized a property interest or that Mr. McCarthy's property interest was taken without just compensation.

32.     Although Defendants seem to recognize their obligation to Mr. McCarthy, they refuse to provide just compensation.

## COUNT I
## TAKING/ VIOLATION OF RIGHT TO JUST COMPENSATION
## UNDER THE U.S. CONSTITUTION

33.     Plaintiff incorporates by reference all preceding allegations.

34.     It is unconstitutional to take a person's property for public use without providing just compensation. U.S. Constitution Am 5.

35.     Defendants have taken Mr. McCarthy's property interests in the form of Sale Surplus – that is the value of the Property to the extent it exceed the Property's Taxes – and have appropriated the Property for public use without the payment of just compensation.

36.     Defendants have done so without any direct condemnation processes, including those outlined under the Uniform Condemnation Procedures Act, MCL 213.51 *et seq*. and in violation of Article 10, Section 2 of the Michigan Constitution.

37.     The taking of all equity and the retention of the $40,229.63 in surplus proceeds by the Defendants, together with the transfer of the equity to the purchasers through the tax foreclosure sale, constitutes a taking without just compensation.

6

38.     Defendants have not and will not provide Mr. McCarthy any opportunity to claim his Sale Surplus after the seizure and/or later sale of the Property, nor do Defendants provide or have a process to claim compensation at the time the Defendants seized title to and took the Property.

39.     Defendants have not paid just compensation.

40.     Defendants now refuse to pay just compensation.

41.     Defendants do not intend to pay just compensation in the future.

42.     Mr. McCarthy has been injured and has suffered damages.

<u>COUNT II</u>
<u>TAKING/ VIOLATION OF RIGHT TO JUST COMPENSATION</u>
<u>UNDER THE MICHIGAN CONSTITUTION</u>

43.     Plaintiff incorporates by reference all preceding allegations.

44.     It is unconstitutional to take a person's property for public use without providing just compensation. Michigan Constitution 1963 Article 10, Section 2.

45.     Defendants have taken Mr. McCarthy's property interests in the form of Sale Surplus – that is the value of the Property to the extent it exceed the Property's Taxes – and have appropriated the Property for public use without the payment of just compensation.

46.     Defendants have done so without any direct condemnation processes, including those outlined under the Uniform Condemnation Procedures Act, MCL 213.51 *et seq*. and in violation of Article 10, Section 2 of the Michigan Constitution.

47.     The taking of all equity and the retention of the $40,229.63 in surplus proceeds by the Defendants, together with the transfer of the equity to the purchasers through the tax foreclosure sale, constitutes a taking without just compensation.

48.     Defendants have not and will not provide Mr. McCarthy any opportunity to claim his Sale Surplus after the seizure and/or later sale of the Property, nor do Defendants provide

or have a process to claim compensation at the time the Defendants seized title to and took the Property.

49.    Defendants have not paid just compensation.

50.    Defendants now refuse to pay just compensation.

51.    Defendants do not intend to pay just compensation in the future.

52.    Mr. McCarthy has been injured and has suffered damages.

## COUNT III
## INVERSE CONDEMNATION

53.    Plaintiff incorporates by reference all preceding allegations.

54.    Defendants have taken Mr. McCarthy's property interests in the form of Sale Surplus – that is the value of the Property to the extent it exceed the Property's Taxes – and have appropriated the Property for public use without the payment of just compensation.

55.    Defendants have done so without using any direct condemnation processes, including those outlines under the Uniform Condemnation Procedures Act, MCL 213.51, *et seq*.

56.    Defendants have not and will not provide Mr. McCarthy any opportunity to claim his Sale Surplus after the seizure and/or later sale of the Property, nor do Defendants provide or have a process to claim compensation at the time Defendants seized title to and took the Property.

57.    Defendants have not paid just compensation.

58.    Defendants now refuse to pay just compensation.

59.    Defendants do not intend to pay just compensation in the future.

60.    An inverse condemnation with damages has occurred.

61.    Mr. McCarthy has been injured and has suffered damages.

<u>COUNT IV</u>
<u>DECLARATORY RELIEF</u>

62.     Plaintiff incorporates by reference all preceding allegations.

63.     An actual controversy exists between Mr. McCarthy and the Defendants regarding the Defendants' retention of all the surplus proceeds from tax foreclosure sale of the Property.

64.     Mr. McCarthy requires this Court to declare his right to the $40,229.63 in surplus profits generated from the property tax foreclosure sale of the Property including the amount over and above $3,720.37 that was owed to the County for the Property's Taxes.

65.     Mr. McCarthy requires a declaration that provides him an avenue to recover the $40,229.63 in surplus profits generated from the property tax foreclosure sale of the Property after it was taken in violation of Mr. McCarthy's right to just compensation.

**WHEREFORE,** Plaintiff requests that this Court enter a Judgment that declares and affirms Mr. McCarthy's right to and establishes an avenue to recover the surplus proceeds generated from the property tax foreclosure sale of the Property; awards Mr. McCarthy just compensation for the surplus proceeds generated from the property tax foreclosure sale of the Property, awards Mr. McCarthy damages, including all applicable interest; awards the Mr. McCarthy's attorney fees based on the fees incurred for this action; and awards any other relief that this Court deems just or necessary.

<u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby demands a Trial by Jury.

Dated: November 24, 2020

By: <u>s/ Sara G. Lachman</u>
Sara G. Lachman (P67523)
Attorney for Plaintiff
LACHMAN STUART PLC
15 Ionia Avenue SW, Suite 520
Grand Rapids, MI 49503
616.208.5533
slachman@lachmanstuart.com